# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DONALD HOMAN,**

    **Petitioner,**

**v.**                                                                           **Civil Action No. 2:11cv54**
                                                                                 **(Judge Bailey)**

**UNITED STATES DISTRICT COURT,**
**HONORABLE CYNTHIA M. RUFE,**

    **Respondents.**

## REPORT AND RECOMMENDATION

On June 6, 2011, the *pro se* petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. In the petition, the petitioner asserts that the Bureau of Prisons ("BOP") has failed to properly compute his sentence and has failed to follow the directive of the sentencing judge. This matter is before the undersigned for a preliminary review and Report and Recommendation pursuant to LR PL P 2.

### I. FACTUAL BACKGROUND

According to the petition and materials available to this Court on PACER, the petitioner was charged in an Indictment, returned in Eastern District of Pennsylvania with conspiracy to distribute and possess with intent to distribute tablets containing Schedule II controlled substances (Count One), pharmacy burglary (Count Two) and possession with intent to distribute tablets containing controlled substances (Count Three). See 2:05-cr-00708-CMR. On June 26, 2006, the petitioner entered an open plea of guilty to Counts One, Two and Three of the Indictment. There was no written guilty plea agreement.

On November 7, 2007, the petitioner and two co-defendants were charged in an Indictment, returned in the Eastern District of Pennsylvania, with one count of conspiracy to burglarize

pharmacies (Count One). The petitioner was also charged with substantive counts of pharmacy burglary and aiding and abetting (Counts Three, Five and Seven), and possession with intent to distribute controlled substances and aiding and abetting (Counts Four, Six and Eight). See 2:07-cr-00689-CMR. On June 2, 2008, the petitioner pleaded guilty to Counts One and Three through Eight of the Indictment filed in Criminal No. 07-689, charging him with conspiracy to burglarize pharmacies, in violation of 21 U.S.C. § 2118(b) and 2, and possession with intent to distribute controlled substances and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. One of the stipulations in this plea agreement was that "for purposes of sentencing, the criminal cases at Criminal Nos. 05-708-01 and 07-689-07, shall be consolidated for sentencing before the Honorable Cynthia M. Rufe, who presided over the criminal case stemming from the defendant's earlier filed indictment, at Criminal No. 05-708-01...and that the sentences in the two cases should be imposed to run concurrently with one another as the offense conduct in the 2005 case was part of the overall course of relevant conduct charged in the pharmacy burglary conspiracy indictment in Criminal No. 07-689-07." See Guilty Plea Agreement, United States v. Donald Homan, Criminal No. 07-689-07, ¶ 6(e).

On May 26, 2009, the court imposed a sentence of 144 months' imprisonment on each of the two cases, to be served concurrently with one another, and concurrently with the state sentence the defendant was then serving, 3 years supervised release, no fine, and a $1,000 special assessment. The petitioner was also ordered to make restitution to victimized pharmacies in the aggregate amount of $26, 858.67.

## II. CLAIMS OF PETITION

The petitioner, in effect, raises one issue in his petition. Specifically, he alleges that Federal Bureau of Prisons has unlawfully computed his sentence and failed to follow the sentencing judge's stipulation regarding the same. More specifically, he alleges that when he arrived at his designated facility, his official time computation did not include the time he served in a state facility as ordered by the federal sentencing judge. The petitioner acknowledges that he did not raise the facts in relation to his petition in the prison's internal grievance procedure.

## III. Analysis

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. See, e.g., Martinez v. Roberts, 804 F.2d 570 (9th Cir. 1996) (federal inmates are required to exhaust their administrative remedies prior to filing a 2241 petition); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3rd Cir. 1996) (same); McCallister v. Haynes, 2004 WL 3189469 (N.D.W.Va. 2004) (same). Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a Court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (citing Smith v. Angelone, 111 F.3d 1126, 1129-31 (4th Cir.) cert. denied, 521 U.S. 1131 (1997)). Indeed, a number of courts have found that the exhaustion requirement may be waived where the administrative process would be futile. See id. at *5-*7.

However, even in cases where the administrative process is unlikely to grant an inmate relief, Courts have enforced a longstanding policy favoring exhaustion. See Alexander v. Hawk, 159 F.3d 1321, 1327-28 (11th Cir. 1998). In particular, it has been noted that the following policies are

promoted by requiring the exhaustion of administrative remedies: "(1) to avoid premature interruption of the administrative process; (2) to let the agency develop the necessary factual background upon which decisions should be based; (3) to permit the agency to exercise its discretion or apply its expertise; (4) to improve the efficiency of the administrative process; (5) to conserve scarce judicial resources . . . ; (6) to give the agency a chance to discover and correct its own errors; and (7) to avoid the possibility that 'frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Id. at 1327 (citation omitted).

In this case, the petitioner clearly has not exhausted his administrative remedies. However, exhaustion of administrative remedies would clearly be appropriate in this instance given that the BOP is charged with the responsibility of sentence computation and has expertise in this area. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). Moreover, the record now before this Court is devoid of the necessary facts by which this Court needs to accurately assess the legitimacy of the petitioner's claims. By requiring the petitioner to attempt resolution of his claim within the Bureau's administrative remedy process, the Court would be promoting many of the policies which underlie the exhaustion principle. For example, the administrative remedy process could develop the necessary factual background upon which the petitioner's claim is based, allow the BOP the opportunity to exercise its discretion and apply its expertise in this area, conserve scarce judicial resources, give the BOP a chance to discover and correct its own possible error, and avoid the deliberate flouting of the administrative process.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the petitioner's § 2241 petition be **DISMISSED without prejudice** for the failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 8/12/2011

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE